RECEIVED
USDC CLERK. CHARLESTON, SC

2006 NOV 17 A 10: 34

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Florence Wilson Nzongola, | ) | C/A No. 2:06-01807-SB-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -versus- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Crisis Ministries, | ) | |
| | ) | |
| Defendant. | ) | |

This civil rights action brought by an individual proceeding pro se and in forma pauperis was removed from the Court of Common Pleas for Charleston County by the defendant to this court on June 15, 2006, on the basis of federal question jurisdiction and 28 U.S.C. § 1446(b). It is before the undersigned United States Magistrate Judge for a report and recommendation on the defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), or in the alternative for a more definite statement pursuant to Fed.R.Civ.P. 12(e). 28 U.S.C. § 636(b).

Plaintiff, Florence Wilson Nzongola, sued Crisis Ministries, a privately-owned nonprofit corporation which provides housing to homeless persons in Charleston, South Carolina, in state court and complained that the defendant was wrongfully requiring persons seeking shelter and care at its facility for the homeless to undergo testing for tuberculosis (TB) before staying at the shelter.

On August 28, 2006, the defendant filed its motion, and on August 29, 2006, the plaintiff was provided a copy of the

defendant's motion and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On October 20, 2006, the plaintiff filed a response in opposition to the defendant's motion. Hence, it appears consideration of the motions is appropriate.

### RULE 12(B)(6) STANDARD

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint, Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994), cert. denied, 115 S.Ct. 1956 (1995). Importantly, a Rule 12(b)(6) motion does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Such motions "should be granted only in very limited circumstances." Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989). A court considering a Rule 12(b)(6) motion must accept as true all of the plaintiff's factual allegations and all favorable inferences that may reasonably be drawn from those allegations. See Mylan Lab., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993), cert. denied, 114 S.Ct. 1307 (1994). Only then, it must appear certain that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged

before a motion to dismiss can be granted. <u>Republican Party v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992).

Furthermore, when as here, a Rule 12(b)(6) motion is testing the sufficiency of a civil rights complaint, "we must be especially solicitous of the wrongs alleged" and "must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." <u>Harrison v. United States Postal Serv.</u>, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal quotation marks omitted); <u>see also</u>, <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 (1984).

Although the court must assume that the plaintiff can prove all of the facts alleged in his complaint, "'it is not ... proper to assume that [the] plaintiff[ ] can prove facts that [he has] not alleged or that the defendants have violated the ... law[ ] in ways that have not been alleged.'" <u>Estate Constr. Co. v. Miller & Smith Holding Co.</u>, 14 F.3d 213, 221 (4th Cir. 1994) (quoting <u>Associated Gen. Contractors v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983)).

However, for purposes of Rule 12(b)(6), the court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. <u>See</u>, <u>District 28, United Mine Workers of Am., Inc. v. Wellmore Coal Corp.</u>, 609 F.2d 1083, 1085 (4th Cir. 1979).

**DISCUSSION**

Plaintiff's complaint and her opposition to the defendant's motion is very difficult to read and understand. According her the deference due pro se litigants, Haines v. Kerner, 404 U.S. 519 (1972), it appears that she is complaining that the defendant sought to require her to undergo testing for tuberculosis before being accepted as a resident of its homeless shelter.

The defendant acknowledges that it requires residents of the Crisis Ministries homeless shelter to undergo TB testing. However, such requirement does not give rise to any cognizable cause of action under federal law. Although plaintiff makes reference to her "constitutional rights" with respect to TB testing, plaintiff acknowledges that Crisis Ministries is a private non-profit actor. (Compl. at 1). Therefore, there is no dispute that Crisis Ministries is not a state actor.

Private entities are not legally capable of violating a person's federal constitutional rights through its TB testing requirement. Cf., e.g., Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 278 (1993) (rights arising under Due Process Clause and Equal Protection Clause are rights protected only against official, not private, encroachment); Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50, 55-56 ("[L]ike the Fourteenth Amendment's state-action requirement, 1983's under-color-of-state-law element excludes from its reach merely

4

private conduct, no matter how discriminatory or wrongful"); Jackson v. Metropolitan Edison Co., 419 U.S. 345, 349 (1974) (Fourth Amendment constitutional protections only prohibit conduct by state actors, not private actors); Manson v. Little Rock Newspapers, Inc., 200 F.3d 1172, 1173 (8th Cir. 2000) ("Simply put, the defendant is a private entity, not a governmental entity, and thus is legally incapable of violating anyone's First Amendment rights.").

Plaintiff does not explain or specify what rights she claims are violated from a requirement of TB testing in a private homeless shelter, nor does it appear that the requirement of TB testing infringes upon any federally protected interest of Plaintiff's. Plaintiff does not enjoy any right to reside at Crisis Ministries' homeless shelter; Crisis Ministries is free to exclude or restrict access to its property and services under the circumstances alleged here.

On this record, the plaintiff can prove no set of facts which would entitle her to relief under federal law and, therefore, dismissal for failure to state a claim under Fed.R.Civ.P. 12(b)(6) is proper. To the extent plaintiff is attempting to bring her claim under the laws of South Carolina, it is recommended that the court exercise its discretion to decline jurisdiction over those supplemental claims and dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

**CONCLUSION**

Accordingly, for the aforementioned reasons, it is recommended that defendant's motion to dismiss for failure to state a claim upon which relief may be granted be granted, and that the court exercise its discretion to decline jurisdiction over any supplemental claims and dismiss them without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

    Respectfully Submitted,

    */s/ Robert S. Carr*

    Robert S. Carr
    United States Magistrate Judge

Charleston, South Carolina

November 17, 2006

<u>Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"</u>
<u>&</u>
The **Serious Consequences** <u>of a Failure to Do So</u>

  The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

  During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** See Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), cert. denied, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), cert. denied, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** See Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
Post Office Box 835
Charleston, South Carolina 29402
